UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-61729-CIV-MARRA/JOHNSON

DANIELLE TORRES,

    Plaintiff,

vs.

INTERNATIONAL HOTELS (JAMAICA)
LTD., VILLAGE RESORTS, LTD.,

    Defendants
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants' International Hotels (Jamaica) ("IHJ") and Village Resorts, LTD ("Village") Motion to Dismiss on Grounds of *Forum Non Conveniens* or in the Alternative, Motion for the Application of Jamaican Law and Motion to Strike Demand for Jury Trial, filed March 16, 2007. (DE 100.)  On April 6, 2007, Plaintiff filed her Motion to Strike Defendant's Motion to Dismiss Complaint. (DE 109.)  The Motions are now fully briefed and are ripe for review.  The Court has considered the motions and is otherwise fully advised in the premises.

**I.**    **Background**

    **A.**    **Complaint**

On December 28, 2004, Plaintiff brought this tort action against Defendants Superclubs International, LTD. ("Superclubs"), VRL International, LTD. ("VRL"), International Lifestyles Inc. ("ILI"), International Hotels (Jamaica), LTD. ("IHJ"), Village Resorts, LTD. ("Village"), and Hedonism II,  seeking relief for injuries sustained while vacationing at the Hedonism II Resort in

Jamaica. In her three-count Complaint, Plaintiff alleges that she was injured while using Hedonism II's water slide, a tube-like structure which opens into a pool. (Compl. ¶¶ 22, 26.) Plaintiff states that immediately after exiting the slide and landing in the pool, an inebriated hotel guest crashed on top of her while she was still submerged underwater, injuring her head and neck and rendering her unconscious. (Compl. ¶ 26.) Plaintiff further alleges that Hedonism II's lifeguards made no attempt to aid or rescue her, that she was forced to seek medical attention on her own, and that, due to her injuries, she remained in bed in her hotel room for the next three days. (Compl. ¶¶ 27, 29, 31, 33).

Count I against ILI, Superclubs, VRLI, IHJ, and Village states a claim for negligence premised on a theory of vicarious liability. Plaintiff contends that ILI, Superclubs, VRLI, IHJ, and Village are vicariously liable, jointly and severally, for Plaintiff's injuries because they either own, control, and/or operate Hedonism II and act as alter-egos and joint venturers with it. (Compl. ¶¶ 39, 41.) Count II states a cause of action against the same Defendants for failure to exercise due care in their ownership, management and/or control of the Hedonism II, by failing to train and ensure that Hedonism II's staff acted with due regard for Plaintiff's safety. (Compl. ¶ 44.) Count III against Hedonism II Resort states a claim for negligence for its employees' failure to exercise due care in monitoring and supervising the water slide. (Compl. ¶ 49.)

   **B.** **Procedural History and Agreement**

On September 29, 2005, the Court issued an order denying ILI's Motion to Dismiss on grounds of *forum non conveniens* because Defendant ILI failed to demonstrate that trial in South Florida would impose an undue burden on it, nor did ILI establish that the private and public factors weigh heavily in favor of dismissal. (DE 41.) Specifically, the Court found that the

private factors did not warrant dismissal: proving or disproving negligence would not require the production of inordinate amounts of evidence; ILI failed to identify any documentary or physical evidence that could not be obtained if trial were conducted in South Florida; ILI did not demonstrate that testimonial and documentary evidence from witnesses in Jamaica could not be obtained through depositions or letter rogatory; ILI did not allege or establish that there was anything unusual about the scene of the accident that would require a viewing of the premises; and both Plaintiff and ILI reside in the United States, ILI maintaining its principal place of business in Florida.  "In sum, ILI's concerns regarding the ease of access to sources of proof, the availability of compulsory process to gather necessary evidence, the ability to view the premises, or any other practical problems are not sufficiently weighty to disturb Plaintiff's choice of forum."  (DE 41 at 11.)

In an abundance of caution, the Court also addressed the public factors, finding that they did not tip the balance toward dismissal as the United States has an interest in providing its citizens with a forum to seek redress for injuries allegedly caused by a Florida defendant, ILI allegedly markets Hedonism II to Floridians and Floridians vacation to Jamaica on a regular basis, and the matter of court congestion did not tip the scales.

On November 16, 2005, Plaintiff filed her first amended complaint.  Nearly a year later, on September 14, 2006,  Plaintiff filed her second amended complaint, adding IHJ and Village as Defendants.  (Pl. Ex. A.)  As revealed in correspondence between opposing parties' counsel, Defendants' counsel assured Plaintiff that IHJ owns and operates Hedonism II while Village manages the resort.  On November 20, 2007, the parties reached an agreement: Defendants' counsel agreed to "answer the second amended complaint in lieu of filing a motion to dismiss"

with respect to IHJ and Village and agreed not to "contest the jurisdiction of the court," in exchange for Plaintiff dismissing the remaining Defendants with prejudice. (Pl. Ex. A, B.) On November 20, 2006, IHJ and Village filed their answers to the complaint and the remaining Defendants were dismissed with prejudice upon the parties' stipulation of December 1, 2006. Calendar Call is set for Friday, September 14, 2007.

  **C.  Current Motions**

Defendants filed the instant Motion to Dismiss on March 16, 2007, seeking alternative forms of relief. First, Defendants assert the case should be dismissed based on the doctrine *forum non conveniens*; Defendants argue that with the dismissal of ILI, there are no Florida Defendants remaining before the Court as both IHJ and Village are Jamaican Defendants. With a Virginia Plaintiff and two non-Florida Defendants, Defendants argue Florida is no longer the proper forum. Defendants also argue that less deference is to be afforded Plaintiff's selection of a forum when that forum was not the situs of the accident. Defendants further argue that private factors favor resolution in Jamaica as all of the liability fact witnesses reside in Jamaica and they will not be able to travel in order to testify at trial in South Florida. Defendants also assert that the public factors tip the balance in favor of dismissal because Florida has no interest in having its residents serve as jurors in a Jamaican case to be decided by Jamaican law. Alternatively, Defendants argue that Jamaican law should apply and that Plaintiff's demand for a jury trial be stricken as there is no right to a jury trial under Jamaican law.

Plaintiff responds by filing a motion to strike Defendant's motion, arguing that Defendant's motion violates the agreement to dismiss the remaining Defendants with prejudice. Plaintiff also argues Defendants' motion is untimely as all of the discovery in Jamaica has been

completed and all of the expenses that the doctrine for *forum non conveniens* attempts to relieve have already been incurred by the parties at this late juncture of the case.  Also, Plaintiff argues that Defendant's motion fails as the same analysis and conclusion reached by the Court in its previous motion is applicable to the Defendant's current motion. Additionally, Plaintiff argues that  federal procedural law entitles her to a jury trial under the *Erie* doctrine.

## II.     Motion to Strike

Plaintiff has submitted to the Court a letter from Defendants' counsel and an email exchange as proof of a settlement agreement whereby Plaintiff would dismiss certain Defendants' with prejudice and, in exchange, the remaining Defendants agreed to answer the second amended complaint in lieu of filing a motion to dismiss and not to contest jurisdiction. Plaintiff asks the Court to strike Defendants' instant Motion to Dismiss as it is a clear violation of the settlement agreement.  Although the language in the submitted documents is somewhat ambiguous, it appears that Defendants' act of filing the current Motion to Dismiss is at worst a per se violation of the agreement and at best a violation of the spirit of the agreement.

 It is clear that Plaintiff agreed to dismiss the three Defendants with prejudice in exchange for Defendants' promise they would "answer the second amended complaint in lieu of filing a motion to dismiss."  It is also clear that Defendants assured Plaintiff that they would "not contest the jurisdiction of the court."  After answering the second amended complaint, Defendants filed the instant motion to dismiss.

With respect to the settlement agreement, the question presented is whether an agreement not to file a motion to dismiss or contest jurisdiction encompasses a motion to dismiss for *forum non conveniens*.  Defendants argue that the agreement did not encompass or contemplate a

motion to dismiss on *forum non conveniens* grounds. They assert that the agreement entailed dispensing with the service of process on the foreign Defendants but did not constitute a waiver of the *forum non conveniens* defense. For support, Defendants point to their Answers - filed *prior* to Plaintiff's dismissal of the remaining Defendants - where the defense of *forum non conveniens* is plainly asserted. If Plaintiff believed the agreement had been violated, Defendants argue, Plaintiff had been put on notice of their intent to file the current motion at the time Defendants filed their answer and Plaintiff's subsequent dismissal of the remaining Defendants belies Plaintiff's acquiescence.

Ultimately, given the ambiguity of the agreement, and without a detailed statement outlining the concrete terms of the quid pro quo, the Court is not in a position to grant Plaintiff's Motion to Strike. However, at the very least, it appears the Defendants filing of the instant motion violates the spirit of the agreement. Having survived a previous motion to dismiss on *forum non conveniens* grounds, and understanding that the dismissal of ILI would leave Plaintiff without a florida Defendant, it is highly unlikely that Plaintiff would have dismissed parties with prejudice and have agreed to be vulnerable to a *forum non conveniens* attack. The parties had been litigating the case for nearly two years and Plaintiff understandably wanted the case to proceed without having to readdress a forum attack - one she had already successfully defended and traditionally surfaces in the early stages of litigation.

Defendants agreed not to file a motion to dismiss - presumably this blanket statement means Defendants would not file *any type* of a motion to dismiss. On its face, this assurance should not permit Defendants to file certain types of motions to dismiss but not others; the Defendant's letter simply states "*a* motion to dismiss." Thus, while the Court cannot conclude

on the face of the agreement that Defendant was precluded from filing the present motion, the circumstances and equities weigh heavily in favor of Plaintiff.

### III.     Forum Non Conveniens

#### A.     <u>Legal Standard</u>

Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise its jurisdiction, even though venue in the court is proper, where an adequate, alternative forum is available. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506-07 (1947). In determining whether to dismiss a case on grounds of *forum non conveniens*, the court must weigh the relative advantages and obstacles to a fair trial in each forum, considering factors of both private and public interest. *Id.* at 508. No one factor should be given dispositive weight as the very nature of a *forum non conveniens* analysis is premised on flexibility and consideration of the particular facts of each case. *See C.A. La Seguridad v. Transytur Line*, 707 F. 2d 1304, 1307 (11th Cir. 1983).

The Eleventh Circuit Court of Appeals has previously established the analytic method a district court should employ. *C.A. La Seguridad,* 707 F.2d at 1307 (internal citation omitted). First, the Court must be satisfied that the defendant has met his initial burden of establishing that an adequate alternative forum exists. Second, the trial judge must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing a plaintiff's initial forum choice. *See La Seguridad*, 707 F. 2d at 1307; *see also Gulf Oil*, 330 U.S. at 506-07. If the trial judge finds the private interests are at or near equipoise, he must then determine whether factors of public interest "tip the balance in favor of a trial in a foreign forum." *Leon v. Millon Air, Inc.*, 251 F. 3d 1305, 1311 (11th Cir. 2001) (internal citations omitted). Dismissal on

*forum non conveniens* grounds is therefore appropriate only when the plaintiff's chosen forum imposes an undue burden on the defendant, and the private and public factors weigh heavily toward trial in the alternative forum. *Piper Aircraft Co. v. Teyno*, 454 U.S. 235, 249 (1981).

### B.     Discussion

Having already established that an alternate forum exists,[1] the Court must weigh the private interest of the parties in trying the case in South Florida rather than in Jamaica. Relevant private factors, as set out in detail by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* include access to sources of proof, availability and cost of compulsory process for attendance of witnesses, the possibility of view of the premises, if view would be appropriate to the action, "and all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. at 508. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed*. Id.*

Defendants raise some of the same arguments asserted in the previous motion to dismiss on grounds of *forum non conveniens* filed on February 16, 2005. The Court notes there are two notable differences in the posture of the case: 1) there are no longer any Florida defendants and 2) almost all of the discovery has taken place over the past two years. To support the respective positions, Defendants emphasize the former while Plaintiff highlights the latter.

Other than these two new variables, all of the circumstances and relevant analysis remain unchanged. Accordingly, the Court incorporates much of the analysis from its former Order (DE 41) into the current order by reference, as discussed above in the *Procedural History* section of

---

[1]     The Court had previously found that an alternative forum exists and Plaintiff concedes as much for the purposes of this motion.

this order. Thus, the question currently before the Court is whether the absence of a Florida defendant now tips the scales in favor of a dismissal in light of the fact nearly all of discovery in Jamaica has been conducted and the trial is scheduled to start in less than two months.[2]

Defendants stress that the Court must reach a different conclusion from its previous order because much of its earlier analysis hinged on former Defendant ILI's status as a company with its primary place of business in Florida. With ILI now dismissed per the agreement reached with Plaintiff, Defendants argue that Florida is no longer the proper forum. Defendants contend the remaining Jamaican Defendants are improperly being forced to litigate in a Florida forum without any connection to the incident. Defendants also assert, as was previously asserted in the earlier motion, that live testimony is preferred and Defendants cannot ensure that the fact witnesses in Jamaica would be willing or able to travel to the United States to testify at trial.

While the Court relied on ILI's status as a Florida Defendant in reaching its previous conclusion, it was not dispositive as it was only one of the factors considered. To review, the Court found that the private factors did not warrant dismissal: proving or disproving negligence

---

[2] Some of the same arguments raised in the prior motion to dismiss have been lifted and pasted into the current motion. Defendants assert anew that less deference should be given to Plaintiff's forum selection when the forum was not the situs of the accident. The Court had previously dismissed this argument, finding it lacked merit as Defendants erroneously derived this assertion from cases addressing a transfer of venue pursuant to 28 U.S.C. § 1404(a). Transfers of venue require a court to conduct a different analysis than do dismissals on the ground of *forum non conveniens.* For this reason, the Supreme Court has been clear that district courts should not draw analogies between the two. *See Van Dusen v. Barrack*, 376 U.S. 612, 613 (1964)
In the current motion, Defendants advance the same argument verbatim, but have eliminated the reference to the district court cases discussing venue transfer. All that is left for support is a cite to *Piper Aircraft,* a Supreme Court decision that does not stand for Defendants' asserted proposition. 454 U.S. at 260. Accordingly, Defendants argument once again lacks merit.

would not require the production of inordinate amounts of evidence; ILI failed to identify any documentary or physical evidence that could not be obtained if trial were conducted in South Florida; ILI did not demonstrate that testimonial and documentary evidence from witnesses in Jamaica could not be obtained through depositions or letter rogatory;[3] ILI did not allege or establish that there was anything unusual about the scene of the accident that would require a viewing of the premises;[4] and both Plaintiff and Defendant reside in the United States, Defendant maintaining its principal place of business in Florida. "In sum, ILI's concerns regarding the ease of access to sources of proof, the availability of compulsory process to gather necessary evidence, the ability to view the premises, or any other practical problems are sufficiently weighty to disturb Plaintiff's choice of forum." (DE 41 at 11.)

All of these conclusions, with the exception of both Plaintiff and Defendant residing in the United States, remain undisturbed. Plaintiff is a Virginia resident and both remaining Defendants are Jamaican; thus, Defendants' argument warrants some weight. Had this been the case two years ago at the beginning of the litigation, the Court may have afforded it greater weight and reached a different conclusion. However, circumstances have changed.

---

[3] Defendants advance this same argument here, that the fact witnesses all reside in Jamaica and they may not be willing or permitted to travel to the United States to testify. The Court rejected this argument in its previous order, holding that the Defendant "has not demonstrated that testimonial and documentary evidence from these witnesses could not be obtained through some other means, like depositions or letters rogatory. Moreover, ILI has made no showing it would be unable to compel witnesses in Jamaica to submit to these other forms of examination." (DE 41.) The Court once again rejects this argument for the same reasons.

[4] The Eleventh Circuit has made clear that "[a] correct 'private interests' analysis beings with the elements of the plaintiff's cause of action." *Ford v. Brown*, 319 F. 3d 1302, 1308 (11th Cir. 2003). Here, Plaintiff has not alleged Hedonism II's premises were in any way defective or that the maintenance of the waterslide or pool caused her injuries.

As Plaintiff has persuasively argued, almost all of discovery has been completed. The parties are now on the cusp of a trial after two years of litigating the case in the Southern District of Florida. Thus, the motion is not timely. Although untimeliness will not effect a waiver, "it should weigh heavily against the granting of the motion because a defendant's dilatoriness promotes and allows the very incurrence of costs and inconvenience the doctrine is meant to relieve." *In re air Crash Near New Orleans*, 821 F. 2d 1147, 1165 (5th Cir. 1987), *vacated on other grounds*, 490 U.S. 1032.

The parties agree that a majority of the discovery has been concluded, with the exception of a few witnesses. To combat this, Defendants assert that the remaining discovery yet to be taken constitutes a substantial portion which weighs in their favor. Defendants argument is off the mark. Three of these witnesses, whom Defendants place much emphasis on, reside in Virginia; this does not weigh in Defendants' favor as no travel to Jamaica is required. Defendants' expert still has to travel to the premises; however, as Defendants are Jamaican Defendants, the burden on their own expert examining their own facility in their own country of incorporation is not a heavy one. Defendants also contend that the most important witness, Corey March, is in Jamaica and has not been deposed. However, Defendants readily admit that he has not been located - with trial less than two months away, there is no assurance he will be located in time for either party to depose him. None of this remaining discovery is substantial enough to sway the Court's analysis. Accordingly, almost all of the costs and inconvenience the doctrine is meant to relieve have been incurred.

With discovery nearly completed and trial imminent, Defendants have not demonstrated that keeping the case in the Southern District of Florida for the completion of the litigation would

impose an undue burden on them. Plaintiff notes that Defendant Village is no stranger to this forum as it has twice filed suits in the Southern District of Florida. Absent the showing of an undue burden, the case will remain in the Southern District.

Also factoring in this Court's decision are the public policy implications that would result if the Court were to grant Defendants' untimely request. Were the Court to indulge Defendants at this late juncture, it would frustrate the public policy of promoting settlement. Here, Plaintiff survived the previous motion to dismiss on *forum non conveniens* grounds and proceeded to litigate the case over the course of the subsequent two years. Presumably knowing that Plaintiff could be vulnerable to a *forum non conveniens* attack if ILI was dismissed, Defendants' counsel assured Plaintiff that ILI was an improper party and that Village and IHJ were the real parties in interest. The settlement agreement followed. To allow dismissal of the case, now that ILI has been dismissed as part of the settlement agreement, would contravene the public policy of promoting settlement.

If - after having won the right to proceed in a federal forum and litigating the case for several years - a plaintiff decides to settle with the primary defendant that served as the lynchpin for venue in this federal court, the plaintiff will have a disincentive to negotiate a settlement with some defendants if that settlement will result in the dismissal of the case as to the remaining defendants. Faced with the prospect of having to start the case anew in a foreign jurisdiction, the plaintiff would be reluctant, if not entirely averse, to engage in any such settlement. Having spent considerable time and resources on protracted litigation, the plaintiff would be put in the untenable position of having to decide whether to settle and face dismissal, or, continue to pursue the wrong party in interest, unnecessarily burdening the judicial system. The Court declines to

facilitate this undesirable dilemma.

Based on Defendants' representation that it would not contest jurisdiction, the Court's previous findings, Defendant's failure to demonstrate that an undue burden would be imposed by a trial in South Florida, Defendants' failure to establish that the private factors weigh heavily in their favor, and the public policy implications of encouraging settlement, the Court denies Defendants' motion to dismiss.[5]  As stated in the Court's previous order, Defendant's "concerns regarding the ease of access to sources of proof, the availability of compulsory process to gather necessary evidence, the ability to view the premises, or any other practical problems are not sufficiently weighty to disturb Plaintiff's choice of forum."  (DE 41.)

### IV.     Jamaican Law/Jury Trial.

In the alternative, Defendants seek the Court to apply Jamaican law and strike Plaintiff's demand for a jury trial as Jamaican law does not provide for a trial by jury.  Indeed, Defendants have left un-rebutted Plaintiff's assertions that there are no substantive differences between the applicable law of Florida and Jamaica aside from the right to a jury trial.  For support, Plaintiff cites to Defendants' exhibit B, the affidavit of Cecil Dennis Morrison, which states that negligence law under Jamaica is essentially the same as in Florida.  Accordingly, the Court will only address Defendants' motion to strike the jury trial as the application of Jamaican law would be of no consequence aside from the availability of a jury.

Assuming that Jamaican law applies, Plaintiff would still be entitled to a jury trial.  The Eleventh Circuit has addressed the issue of a right to a jury trial, finding it to be a procedural

---

[5] Given these findings and that the private factors are not at equipoise, the Court does not address the public factors.

matter to be decided by federal law: "[e]ven though the substantive dimension of a claim brought in federal court may be governed by state law, the right to a jury trial in federal courts is to be determined as a matter of federal law." *Ford v. Citizens & S. Natl. Bank,* 928 F. 2d 1118, 1121 (11th Cir. 1991)(internal quotations omitted.)  Specifically, "[t]he right to have a jury determine the issues of fact turns essentially on whether the claim to which those issues relate is legal or equitable." *Id.*  Here, Plaintiff's claim sounding in negligence is a legal claim and therefore is entitled to trial by jury.  The right to a jury trial is procedural in nature and is therefore governed by federal law and guaranteed by the Seventh Amendment.  *See Simler v. Connor,* 372 U.S. 221, 222 (1963).

Defendants arguments to the contrary are unavailing.  Defendants attack this result by pointing out that the cases Plaintiff relies on address only conflicts between the laws of states as opposed to the conflicts of laws with a foreign country.  Defendants surmise that the analysis of state law conflicts should not be extended to foreign conflicts, yet provide no support for this contention.  In fact, Defendants admit that they have searched and have been unsuccessful in uncovering any legal authority to supports their argument.  Rather, they nakedly assert Plaintiff's argument is untenable and fall back on their arguments that Jamaican should apply.  Without any support, this Court is unwilling to rule contrary to well-established jurisprudence on Plaintiff's right to a jury trial.

Insomuch as the Court concludes Plaintiff is entitled to a trial by jury, the Court reserves ruling on whether Jamaican law will apply.  Counsel may raise the issue prior to trial.

**VI.    Conclusion**

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Complaint Based Upon the Doctrine of *Forum Non Conveniens*, (**DE 100**), is **DENIED**.

2. Defendants' Motion to Strike Demand for Jury Trial (**DE 100**) is **DENIED.**

3. Plaintiff's Motion to Strike Defendant's Motion to Dismiss is (**DE 109**) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of August, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record